UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-4131(DSD/SER)

World Fuel Services, Inc.,

      Plaintiff,

v.                                                  **ORDER**

SASS CORP, a Minnesota
Corporation, Omar Wazwaz, and
Ronya Salaymeh,

      Defendants.

    Christopher J. Heinze, Esq and Libby Law Office, PA, 855 Rice Street, Suite 100, St. Paul, MN 55117, counsel for plaintiff.

    No appearance by defendants.

This matter is before the court upon the motion for default judgment against defendants SASS Corporation and Omar Wazwaz. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

Plaintiff is a Texas corporation, with its principal place of business located in the State of Florida, specifically located at 9800 N.W. 41st Street, Suite 400, Miami, FL, 33178. Defendant SASS CORP is a corporation incorporated and existing under the

1

laws of the State of Minnesota. Its principal place of business is in the State of Minnesota, specifically located at 3803 Stinson Boulevard, St. Anthony, MN, 55421. Defendant Omar Wazwaz is an individual who is domiciled in the State of Minnesota. Omar Wazwaz is the sole owner and shareholder of SASS CORP.

Defendant SASS CORP was served with the Summons and Complaint in this matter on December 19, 2016 through the Minnesota Secretary of State. Defendant Omar Wazwaz was served with the Summons and Complaint in this matter on December 20, 2016.

On January 10, 2017, counsel for Omar Wazwaz, Steven T. Grimshaw, contacted Plaintiff's counsel, and informed Plaintiff's counsel that neither Defendant Omar Wazwaz or Defendant SASS CORP would be filing an Answer to the Complaint in this matter. More than the allowed time to answer has elapsed since Defendants SASS CORP and Omar Wazwaz were served in this action and Defendants have failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.

In consideration of and as an inducement for Plaintiff to enter into an Assumption Agreement with Defendant SASS CORP, Defendant Omar Wazwaz personally guaranteed, on April 14, 2014 ("Individual Guaranty"), all of the debts of the previous dealer under the original Motor Fuel Agreement dated October 26, 2011. Additionally, Defendant Omar Wazwaz agreed to pay reasonable

attorney's fees and all costs and other expenses incurred by Plaintiff as a result of any such default or in enforcing the Individual Guaranty.  Thereafter, Plaintiff and Defendants SASS CORP and Omar Wazwaz entered into the Assumption Agreement on June 11, 2014 whereby Defendants SASS CORP and Omar Wazwaz assumed all rights and obligations under the Motor Fuel Agreement's Supply Agreement.

On or about March 6, 2015 Defendants SASS CORP and Omar Wazwaz breached the Supply Agreement and Assumption Agreement by failing to purchase motor fuel from Plaintiff, failing to pay Plaintiff for motor fuel already received, and ceasing operations at the retail gasoline station located at 3803 Stinson Boulevard in St. Anthony, Minnesota.  In addition, Defendant Omar Wazwaz breached the Individual Guaranty by failing to pay Plaintiff the debt owed by Defendant SASS CORP.  Plaintiff suffered damages in this matter due to Defendants' actions and inactions for a total amount of $298,526.55.

**DISCUSSION**

Under Minnesota law, a breach of contract claim contains the following elements: "(1) formation of a contract; (2) performance by plaintiff of any conditions precedent; (3) a material breach of the contract by defendant; and (4) damages."  *Parkhill v. Minn. Mut. Life Ins. Co.*, 174 F. Supp.2d 951, 961 (D. Minn. 2000)

(citing *Briggs Trans. Co. v. Ranzenberger*, 217 N.W.2d 198, 200 (Minn. 1970)). The formation of a contract requires an offer, acceptance, and consideration. *See Taxi Connection v. Dakota, Minnesota & Eastern R.R. Corp.*, 513 F.3d 823, 826 (8th Cir. 2008) (citing *Commercial Assocs., Inc. v. Work Connection, Inc.*, 712 N.W.2d 772, 782 (Minn. Ct. App. 2006)); see also *Cederstrand v. Lutheran Bhd.*, 263 Minn. 520, 529-32, 117 N.W.2d 213, 219- 21 (1962). "Consideration is something of value exchanged for a performance or promise of performance." *In re MJK Clearing, Inc.*, 408 F.3d 512, 515 (8th Cir. 2005) (citing *E.J. Baehr v. Penn-O-Tex Oil Corp.*, 258 Minn. 533, 104 N.W.2d 661, 665 (1960)).

Having reviewed Plaintiff's Complaint, Motion for Default Judgment, and Affidavit in Support of Default Judgment, this Court finds that Defendants SASS CORP and Omar Wazwaz breached its contracts with Plaintiff.

A court may enter a default judgment against a party who "fails to appropriately respond in a timely manner." *See Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *see also* Fed. R. Civ. Proc. 55(b)(2). However, default judgments are generally not favored by the courts. *Rogovsky Enter. v. Masterbrand Cabinets, Inc.*, 88 F. Supp. 3d 1034, 1039 (D. Minn. 2015); *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). The court has the discretion to enter a default judgment. *Belcourt Pub. Sch. Dist. v. Herman*, 786 F.3d 653, 661 (8th Cir. 2015). The

court may consider a several factors when entering default judgment such as: whether the defaulting party's actions were inadvertent or de minimis; whether the default resulted from bad faith; the possibility of prejudice to the plaintiff; the merits of the plaintiff's substantive claim; the sufficiency of the complaint; the amount of the claim; and whether the default was due to excusable neglect. *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001); *Bambu Sales v. Ozak Trading*, 58 F.3d 849, 852–854 (2d Cir. 1995); *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–1093 (9th Cir. 1980); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hutton v. Fisher*, 359 F.2d 913, 916 (3d Cir. 1966); *Anilina Fabrique de Colorants v. Aakash Chems.*, 856 F.2d 873, 879 (7th Cir. 1988).

Applying the standards and factors set forth above, this Court finds that default judgment is appropriate in this matter. Plaintiff properly served the Complaint on Defendants SASS CORP and Omar Wazwaz. Defendants' counsel then informed Plaintiff that neither defendant would be filing an answer, which was a purposeful action. Defendants' default was not a result of bad faith on the part of Plaintiff. A denial of default judgment would prejudice Plaintiff in that it would be more difficult for Plaintiff, without the aid of a court order, to collect its damages from Defendants SASS CORP and Omar Wazwaz. The merits of

Plaintiff's claims are supported from the existing record and there is a well pleaded complaint. This Court has sufficient information from the existing record to determine the amount of damages. Therefore, further inquiry or an evidentiary hearing is unnecessary. *See Taylor v. Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988). Finally, the default was not due to excusable neglect as Defendants' counsel informed Plaintiff neither defendant would file an answer.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for default judgment as to defendants SASS CORP and Oscar Wazwaz [ECF No. 20] is granted; and

2. Plaintiff is entitled to recover damages in the amount of Two Hundred Ninety-Eight Thousand Five Hundred Twenty-Six Dollars and Fifty-Five Cents ($298,526.55) against defendants SASS CORP and Omar Wazwaz.

Date: April 27, 2017

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court